PROB 12C
(7/93)

# United States District Court

for

*District of Guam*

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: **Michael S.N. Palacios**  Case Number: **CR 91-00103-001**

Name of Sentencing Judicial Officer:  James Ware, Designated Judge

Date of Original Sentence:  June 3, 1992

Original Offense:  Armed Career Offender, in violation of 18 U.S.C. § 922(g)(1) \ and 924(e)(1)

Original Sentence:  180 months imprisonment followed by five years supervised release with a special assessment fee of $100. **Conditions modified August 5, 2004,** to include conditions that the defendant participate in drug treatment with urinalysis, participate in mental health treatment, and refrain from any use of alcohol. **Conditions modified October 24, 2005**, to include a condition that the defendant submit to a maximum of eight urinalysis per month at the direction of the U.S. Probation Officer, pursuant to U.S. vs. Stephens. **Informational Reports filed November 21, 2006, and December 20, 2006.**

Type of Supervision:  Supervised Release  Date Supervision Commenced: August 22, 2004
Assistant U.S. Attorney:  Marivic David  Defense Attorney: John Gorman

## PETITIONING THE COURT

[X] To issue a warrant.

[ ] To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance [All in violation of 18 U.S.C. § 3583(d)]

1.  Use of methamphetamine (April 11, and 24, 2007) and diluted sample (May 15, 2007).

2.  Failed to attend counseling appointment (May 5, 2007).

3.  Failed to attend weekly compliance meetings at U.S. Probation (May 1, and 7, 2007).

4.  Incident of Family Violence, in violation of 9 G.C.A. § 30.10 (May 15, 2007).

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

☒ revoked.

☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

**Please see attached** *Declaration in Support of Petition, Violation of Supervised Release Conditions; Request for a Warrant,* **submitted by U.S. Probation Officer Robert I. Carreon.**

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

Date:   May 22, 2007

I declare under penalty of perjury that the forgoing is true and correct.

/s/ ROBERT I. CARREON
U.S. Probation Officer

Executed on:   May 22, 2007

**THE COURT ORDERS:**

☐ No Action.

☐ The Issuance of a Warrant.

☐ The Issuance of a Summons.

☐ Other

# VIOLATION WORKSHEET

1. Defendant **Michael S. N. Palacios**

2. Docket Number (Year-Sequence-Defendant No.) **CR 91-00103-001**

3. District/Office Guam

4. Original Sentence Date 06 / 03 / 92
   month / day / year

(If different than above):

5. Original District/Office N/A

6. Original Docket Number (Year-Sequence-Defendant No.) N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Use of methamphetamine (April 11, and 24, 2007), diluted sample (May 15, 2007). | C |
| • Failed to attend counseling appointment (May 5, 2007). | C |
| • Failed to attend weekly compliance meetings at U.S. Probation (May 1, and 7, 2007). | C |
| • Incident of Family Violence, in violation of 9 G.C.A. § 30.10 (May 15, 2007). | C |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))   C

9. Criminal History Category (see §7B1.4(a))   IV

10. Range of Imprisonment (see §7B1.4(a))   6 - 12 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:91-cr-00103   Document 47-2   Filed 05/22/2007   Page 1 of 2

Defendant: **Michael S. N. Palacios**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | S/A Fee ($) | N/A | Home Detention | N/A |
    | CS Hours | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: N/A to N/A years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 24 - 30 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)): 0 months 0 days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:91-cr-00103   Document 47-2   Filed 05/22/2007   Page 2 of 2

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 91-00103-001 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. | ) | |
| MICHAEL S.N. PALACIOS, | ) | |
| Defendant. | ) | |

**Re:    Violation of Supervised Release Conditions;  Request for a Warrant**

I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Probation for Michael S.N. Palacios, and in that capacity declare as follows:

Mr. Palacios is alleged to have committed the following violations, which are all in violation of *18 U.S.C. § 3583(d)*:

**Mandatory Conditions**: *The defendant shall refrain from the unlawful use of a controlled substance.*

On April 11, 2007, Mr. Palacios reported for urinalysis and tested positive for methamphetamine.  He denied any use of illicit drugs and the sample was forwarded to the laboratory for confirmation testing.  Results returned from the laboratory on April 19, 2007 confirmed the use of methamphetamine. On April 23, 2007, Mr. Palacios reported for urinalysis, but was unable to render sufficient sample for testing ("stall").  He reported to this Officer for a compliance meeting on April 24, 2007, and was subjected to urinalysis, which yielded positive results for methamphetamine. Mr. Palacios executed a drug use admission form indicating he used "ice" on April 22, 2007. He further admitted to a previous drug use incident as verified by urinalysis on April 11, 2007.  According to Mr. Palacios, he used the drug out of increasing mental stress brought on during the past month from problems he experienced with relatives. He also stated that he felt the psycho-tropic medications prescribed by his therapist have not been helping him.  He acknowledged his error and asked for additional help to cope with his problems.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re:     PALACIOS, Michael S.N.
USDC Cr. Cs. No. 91-00103-001
May 22, 2007
Page 2

Mr. Palacios was admonished for his continued drug use and was assured that continued non-compliance would be met with adverse sanctions requested of the Court. In addition to the verbal reprimand above, he was notified that he would be returned to day 1, phase I of the drug testing program for closer drug use monitoring. In addition, mental health therapy was increased at his request. Mr. Palacios was also placed on a weekly reporting schedule with this Officer to ensure a return to full compliance.

On May 15, 2007, Mr. Palacios reported for urinalysis and tested presumptive positive for methamphetamine. He denied any drug use and the sample was forwarded to the laboratory for confirmation testing. Laboratory results received on May 21, 2007 revealed that the urine sample was diluted and negative. Submitting diluted urine samples (consuming excessive amounts of water prior to urinalysis in order to evade drug use detection) is a violation of the drug testing program.

**Mandatory Conditions**: *The defendant shall not commit another federal, state, or local crime.*

On May 15, 2007, Mr. Palacios telephoned this Officer and reported that Naval Security Forces may be looking for him, pursuant to a confrontation he had with his brother-in-law, Roland Dudkiewitz, earlier this date while at the Navy Exchange. According to Mr. Palacios, his relationship with sister, Floratina Palacios (aka Tina), and her common-law spouse, Roland Dudkiewitz, was already strained due to a previous disagreement about living arrangements. Mr. Palacios stated that on May 15, 2007, he and his wife went to the Exchange to retrieve employment documents required to continue their public assistance benefits. Mr. Palacios stated he saw Mr. Dudkiewitz sitting just outside the entrance of the Exchange smoking a cigarette and talking "trash" to him. At this point, Mr. Palacios stated that he approached Mr. Dudkiewitz with a box-cutter on his hand, and repeatedly asked, "What's up? What's up?". He then stated that he left the base with his wife without further confrontation but wanted to contact this Officer on the incident should Mr. Dudkiewitz report it to Naval Security. Upon further discussion with Mr. Palacios, he stated that he felt he needed to confront Mr. Dudkiewitz to stand up for himself and his family. This Officer informed Mr. Palacios that brandishing a box-cutter in a threatening manner as he did is unacceptable behavior. Mr. Palacios was specifically instructed by this Officer not to associate or come near Roland Dudkiewitz or Tina Palacios.

On May 15, 2007, this Officer spoke with Tina Palacios and Roland Dudkiewitz and they confirmed the incident above. They stated, however, that they elected not to report the matter to Naval Security because Mr. Palacios is "family". This Officer informed them that the incident would be addressed and that Mr. Palacios was restricted from further association with them. In addition, they were advised to call authorities immediately should they feel threatened by Mr. Palacios.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re: PALACIOS, Michael S.N.
USDC Cr. Cs. No. 91-00103-001
May 22, 2007
Page 3

Based on the information above, this Officer believes Mr. Palacios committed the offense of Family Violence, in violation of 9 G.C.A. § 30.10.

On May 21, 2007, this Officer was contacted by Naval Criminal Investigations Service (NCIS) Special Agent (SA) Scott Kelly, who reported that on May 16, 2007, Roland Dudkiewitz made a complaint on the confrontation with Mr. Palacios above. Further, Mr. Dudkiewitz reported that he and his family are fearful of Mr. Palacios. Based on the complaint, SA Kelly stated that he will be filing charges against Mr. Palacios and will be seeking further prosecution.

**Standard Conditions**: *The defendant shall follow the instructions of the probation officer.*

Since the compliance meeting on April 24, 2007, Mr. Palacios has failed to report to the probation office for his weekly compliance appointments on May 1, and 7, 2007. In addition, he failed to attend a mental health counseling session on May 5, 2007. A home visit was conducted on May 11, 2007 by this Officer with Mr. Palacios to discuss his continuing violations. Mr. Palacios stated that he had been pre-occupied with preparing to relocate his residence that he was unable to report as required. He apologized for his non-compliance and assured he would report as instructed henceforth. Mr. Palacios failed to report to this Officer on May 14, 2007.

**Standard Conditions**: *The defendant shall submit to a mental health assessment approved by the U.S. Probation Office, and shall participate in any recommended treatment as a result of that assessment. The defendant will also make a co-payment for treatment at a rate to be determined by the U.S. Probation Office.*

As outlined above, Mr. Palacios failed to attend a mental health counseling session on May 5, 2007.

**Supervision Compliance:** Mr. Palacios paid the $50 special assessment fee on February 11, 1994, and has submitted all monthly supervision reports to date. Except as outlined above, Mr. Palacios resumed compliance with his drug and mental health treatment program.

**Recommendation:** This Officer respectfully requests that the Court issue a Warrant of Arrest for Michael S.N. Palacios, and upon its execution, he appear at a hearing to answer or show cause why supervised release should not be revoked, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to 18 U.S.C. § 3583(g)(4), revocation of supervision is mandatory when in the course of drug testing, the offender tests positive for illegal controlled substances more than three times over the course of one year. According to 18 U.S.C. § 3583(d), however, the Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception to the above statute.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re: PALACIOS, Michael S.N.
USDC Cr. Cs. No. 91-00103-001
May 22, 2007
Page 4

      I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

      Executed this 22nd day of May 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

                                Respectfully submitted,

                                  FRANK MICHAEL CRUZ
                                Chief U.S. Probation Officer

By:  /s/ ROBERT I. CARREON
                      U.S. Probation Officer

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:    Marivic David, AUSA
       John T. Gorman, FPD
       File