DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff-Respondent,<br><br>vs.<br><br>MICHAEL S.N. PALACIOS,<br><br>             Defendant-Petitioner. | CRIMINAL CASE NO. 91-00103<br>CIVIL CASE NO. 12-00025<br><br>**ORDER AND OPINION RE:**<br>**§ 2255 MOTION** |

Before the court is Defendant-Petitioner Michael S.N. Palacios's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("the Motion" or "§ 2255 Motion"). ECF No. 114.[1] After reviewing the parties' briefs, and relevant cases and statutes, the court hereby **GRANTS** the Motion for the reasons stated herein.[2]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 1992, Michael S.N. Palacios ("Petitioner") was sentenced to 180 months imprisonment followed by five (5) years of supervised release as an Armed Career Offender in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On August 4, 2004, Petitioner began serving

---

[1] For ease of reference, all ECF numbers referred to herein correspond to Criminal Case No. 91-00103 unless otherwise noted.

[2] Petitioner moves to vacate his sentence on the following grounds: (1) the court unlawfully lengthened the term of incarceration to promote Petitioner's rehabilitative needs; (2) ineffective assistance of counsel; and (3) the court failed to adequately explain its reasons for departing from the guideline range. The court grants the Motion based on the first ground for relief.

1

his term of supervised release.

On November 21, 2006, the United States Probation Office filed a report, informing the court that Petitioner was noncompliant with his conditions of supervised release. *See* ECF No. 45. Thereafter, the Probation Office filed multiple reports and declarations with the court, documenting Petitioner's noncompliance with the conditions of his supervised release. *See* ECF Nos. 46, 47, 58, 60, and 61. On March 31, 2010, the court revoked supervised release and sentenced Petitioner to time served, which was approximately seven months, and fifty-three (53) months of supervised release. *See* ECF No. 90.

On November 7, 2011, the Probation Office filed a Petition for Revocation of Supervised Release. *See* ECF No. 102. In the Supporting Declaration, the Probation Officer alleged that Petitioner tested positive for the use of methamphetamine on two separate occasions, failed to show for drug testing and drug treatment counseling sessions on numerous occasions, and failed to show for scheduled mental health treatment sessions in addition to failing to report to the Probation Office and filing mandatory written reports. *Id*. The violations were categorized as Grade C. Petitioner's criminal history category was IV. The sentencing guideline range for imprisonment was 6–12 months, and the guideline range for supervised release following release from imprisonment was 41–47 months. *See* ECF No. 102-2. However, because Petitioner's conviction was for a Class A felony, the court could impose up to sixty (60) months imprisonment pursuant to 18 U.S.C. § 3583(e)(3).

On December 14, 2011, Petitioner was sentenced to fifty-three (53) months incarceration with credit for time served in detention. This was the maximum imprisonment term under the violation scheme,[3] which precluded imposition of a period of supervised release thereafter.

On October 15, 2012, Petitioner filed the instant 2255 Motion. ECF No. 114. The

---

[3] With credit for time previously served on post-release supervision.

2

Government filed its Answer on March 8, 2013. ECF No. 117. Petitioner filed a Response on July 3, 2013. ECF No. 127.

## **II.** **DISCUSSION**

A prisoner in custody may bring a motion to attack his sentence under 28 U.S.C. § 2255 by demonstrating "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

In the Motion, Petitioner claims two grounds upon which his sentence is invalid: (1) the court lengthened the term of incarceration to promote Petitioner's rehabilitative needs in contravention of the Supreme Court's decision in *Tapia v. United States*, 131 S. Ct. 2382 (2011); and (2) ineffective assistance of counsel. Pet'r's Mot. at 5–6, ECF No. 114. In the Reply, Petitioner proffers an additional argument that the sentence was invalid because the court failed to adequately set forth its reasons for departing from the guideline range. Pet'r's Reply at 3–13, ECF No. 127. Given that the court finds Petitioner's need for rehabilitation was unlawfully considered in imposing the sentence, the court will not address Petitioner's third ground for relief, which was not included in the original Motion.

### A. CONSIDERATION OF REHABILITATION IN SENTENCING

Petitioner's first claim is that the court unlawfully lengthened his sentence to promote his rehabilitation. *See* Pet'r's Resp. at 13–15, ECF No. 127.

In *Tapia v. United States*, the Supreme Court held that the Sentencing Reform Act, 18 U.S.C. § 3582(a), "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation" or "because the court thinks an offender will benefit from a prison treatment program." 131 S. Ct. at 2391, 2392. However, the Court noted that "[a] court

3

commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Id*. at 2392. Although *Tapia* involved imprisonment at initial sentencing, the Ninth Circuit held that *Tapia* also applies to imprisonment upon revocation of supervised release. *United States v. Grant*, 664 F.3d 276 (9th Cir. 2011).

Here, the record indicates that the court considered Petitioner's need for rehabilitation and other correctional treatment in imposing the sentence. *See* Sentencing Tr. 44:2–7. Sentencing Tr. 44:2–7, December 14, 2011, ECF No. 124. Accordingly, this claim is **GRANTED**.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's second claim is that he suffered ineffective assistance of counsel in violation of his Sixth Amendment right to counsel. To succeed on such a claim, Petitioner must establish: (1) that counsel's conduct was deficient, and (2) that such deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 693 (1986). To demonstrate deficiency by counsel, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Then Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Petitioner argues that he suffered ineffective assistance because defense counsel was unaware of the *Tapia* decision, which was issued approximately six months prior to Petitioner's sentencing. *See* Pet'r's Mot. at 6; Pet'r's Br. at 23,[4] ECF No. 114. The record contradicts Petitioner's assertion. In fact, counsel stated during sentencing that "lengthening a term of imprisonment, based on rehabilitative concerns is, by the Ninth Circuit, not a permissible ground to increase a term of imprisonment." Sentencing Tr. 10:13–15. This demonstrates that counsel

---

[4] As Petitioner's Brief in Support of the 2255 Motion does not have internal page numbers, the cited page refers to the number imprinted on the ECF footer.

was cognizant of the Supreme Court's holding in *Tapia* and the Ninth Circuit's *Grant* decision applying *Tapia* to the context of revocation of supervised release.

As counsel was in fact aware of *Tapia* and its application and impact on Petitioner's sentencing, and given that counsel proffered the argument during sentencing, Petitioner has failed to show how counsel's conduct fell below an objective standard of reasonableness. Accordingly, this claim is **DENIED**.

### III. CONCLUSION

Based upon the foregoing, the court **GRANTS** the Motion to Vacate, Set Aside, or Correct Sentence and Petitioner's sentence is hereby **VACATED**. The court will set this matter for resentencing at a later date.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Sep 13, 2013**